RECEIVED
2007 FEB 20 A 9:51
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

KATHERINE DIXON, on behalf
of herself and all others
similarly situated,

        Plaintiffs,

v.

GREGORY J. BARRO and
GREGORY J. BARRO, PLC

        Defendants.

Case No. 1:07-CV-147-MEF

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

### I. PRELIMINARY STATEMENT

1. This action is brought by plaintiff Katherine Dixon, an individual consumer, on behalf of herself and all others similarly situated, against defendants Gregory J. Barro and Gregory J. Barro, PLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in their course of collecting or attempting to collect debts. Ms. Dixon requests entry of a declaratory judgment that

1

defendants' practices violate the FDCPA and seek an award of statutory damages for herself and for the class.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202. Venue in this District is proper because the pertinent events took place here.

## III. PARTIES

3. Plaintiff Katherine Dixon ("Ms. Dixon") is an individual residing in Enterprise, Alabama. She is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

4. Defendant Gregory J. Barro is an attorney associated with or employed by Gregory J. Barro, PLC and is located at 400 Travis Street, Suite 1004, Shreveport, Louisiana.

5. Defendant Gregory J. Barro, PLC is a corporation with offices located 400 Travis Street, Suite 1004, Shreveport, Louisiana.

6. Defendants are or were engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempts

to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(3).

## IV. FACTUAL ALLEGATIONS

7. On or about March 2, 2006, Defendants sent or caused to be sent a dunning notice (attached as <u>Exhibit A</u>) to Ms. Dixon seeking to collect a debt allegedly owed to BellSouth-Alabama.

8. <u>Exhibit A</u> was received by Ms. Dixon.

9. The alleged debt of Ms. Dixon was incurred for personal, family or household purposes, *i.e.* – personal telephone services.

10. <u>Exhibit A</u> states in part:

> Unless you contact our office was in 48 hours from receipt of this letter, we may take further collection action against you, which may include referring this account to an Alabama law firm for legal action. If suit is filed, the Baldwin County Sheriff will serve you with legal papers directing you to appear in court. If a judgment is rendered against you, you will likely pay all court costs in addition to your phone bill.

11. <u>Exhibit A</u> states further: "To avoid further collection action, you must contact our office within 48 hours from receipt of this letter."

12. <u>Exhibit A</u> concludes with the handwritten signature of Gregory J. Barro above the typewritten name "Gregory J. Barro, Attorney at Law."

13. Neither the Defendants nor anyone else has initiated a legal action against Ms. Dixon regarding the BellSouth bill.

14. Upon information and belief, Gregory J. Barro did not review the account of Ms. Dixon before sending <u>Exhibit A</u>.

15. Upon information and belief, letters in the form of <u>Exhibit A</u> are mass mailed to alleged debtors of BellSouth by Defendants.

### V. **POLICIES AND PRACTICES COMPLAINED OF DEFENDANTS.**

16. It is or was the policy and practice of Defendants to send collection letters in the form of <u>Exhibit A</u>- without the intent to take action in 48 hours from receipt of the letter by the consumer.

17. It is or was the policy and practice of Defendants to send collection letters in the form of <u>Exhibit A</u> without the intent to bring a legal action.

18. It is or was the policy and practice of Defendants to send collection letters in the form of <u>Exhibits A</u> without the prior review of the addressee's account by an attorney.

### VI. **CLASS ACTION ALLEGATIONS**

19. This action is brought on behalf of a class consisting of:

(a) all persons with addresses in the state of Alabama

(b) to whom letters in the form of <u>Exhibits A</u> were sent;

(c) in an attempt to collect a debt allegedly due BellSouth

(d) which was incurred for personal, family, or household purposes;

(e) which were not returned undelivered by the U.S. Post Office,

(f) during the period of one year period prior to the filing of the complaint in this action to the date of certification.

20. Plaintiff alleges on information and belief based on the Defendants' use of letters in the form of <u>Exhibits A</u> that the class is so numerous that joinder of all members is impractical. Based on Defendants' use of letters in the form of <u>Exhibits A</u>, Plaintiff estimates that the class includes hundreds or thousands of members.

21. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.

22. The common factual issue common to Plaintiff and each class member is that each was sent a letter in the form of Exhibit A at the direction of the Defendants. The principal legal issue common to Plaintiff and

the class are whether Defendants' letters in the form of <u>Exhibit A</u> violate the FDCPA.

23.. The claims of Ms. Dixon are typical of those of the class members. All are based on the same facts and legal theories.

24.. Ms. Dixon will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither of the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

25.. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(a) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

26.. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

27.. Plaintiff requests certification of a hybrid class combining Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VII. COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

28.. Plaintiff incorporates the foregoing allegations by reference.

29.. Defendants' conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.*, including but not limited to:

(a) Threatening to take action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. §1692e(5);

(b) Falsely representing or implying that letters in the form of <u>Exhibit A</u> are from an attorney in violation of 15 U.S.C. §1692e(3); and

(c) Employing the use of false representations or deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. §§1692e and e(10).

30. As a result of Defendants' conduct, Plaintiff and the class are entitled to an award of statutory damages pursuant to 15 U.S.C. §1692k.

31.. Plaintiff and the class are also entitled to an award of costs and attorney fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff Katherine Dixon requests judgment be entered in favor of herself and the class against Defendants Gregory J. Barro

and Gregory J. Barro, PLC for:

    A.    Declaratory judgment that Defendants' letters in the form of Exhibit A violates the Fair Debt Collection Practices Act;

    B.    Statutory damages pursuant to 15 U.S.C. §1692k;

    C.    An award of costs and attorney fees pursuant to 15 U.S.C. §1692k and

    D.    Such other and further relief as the Court may deem just and equitable.

**PLAINTIFF KATHERINE DIXON DEMANDS TRIAL BY JURY IN THIS ACTION.**

/s/ David G. Poston
_____
David G. Poston
BROCK & STOUT
P. O. Drawer 311167
Enterprise, AL 36331-1167
334-671-5555
david@circlecitylaw.com

O. Randolph Bragg
Craig M. Shapiro
HORWITZ, HORWITZ & ASSOC.
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
rand@horwitzlaw.com

ATTORNEYS FOR PLAINTIFFS

**EXHIBIT A**

| | | |
|---|---|---|
| TELEPHONE: (318) 221-6000<br>(800) 582-0965 | **GREGORY J. BARRO, PLC**<br>ATTORNEY AT LAW<br>& ASSOCIATES<br>400 TRAVIS STREET, SUITE 1004<br>SHREVEPORT, LOUISIANA 71101 | FACSIMILE: (318) 222-5493 |

#BWNLLRX                                    March 2, 2006
#2515 8052 9011 69#

Kathy Dixon
304 Victoria Dr
Enterprise, AL 36330-1615



Re: Account Number: 251-580-5290-116
    BellSouth-Alabama
    Balance: $157.45

Despite our efforts to amicably resolve payment of your past due phone bill, you have failed to pay this debt.

Unless you contact our office within 48 hours from receipt of this letter, we may take further collection action against you, which may include referring this account to an Alabama law firm for legal action. If suit is filed, the Baldwin County Sheriff will serve you with legal papers directing you to appear in court. If a judgment is rendered against you, you will likely pay all court costs in addition to your phone bill. You are jeopardizing your credit and facing the possibility of having your non-exempt wages garnisheed.

To avoid further collection action, you must contact our office within 48 hours from receipt of this letter. Make your money order payable to BellSouth.

We are attempting to collect a debt. Any information obtained will be used for that purpose. This communication is from an attorney debt collector.

                                    Very truly yours,
                                    GREGORY J. BARRO, PLC

                                    Gregory J. Barro,
                                    Attorney At Law

GJB:ljb
4002                                                           al48hour

*IMPORTANT NOTICES APPEAR ON THE BACK OF THIS LETTER. PLEASE READ THEM AS THEY MAY AFFECT YOUR RIGHTS.*