IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| KATHERINE DIXON and DONNA BIBBENS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:07-CV-147-MEF |
| GREGORY J. BARRO and GREGORY J. BARRO, PLC, | ) ) ) | |
| Defendants. | ) | |

### ANSWER OF DEFENDANT GREGORY J. BARRO AND GREGORY J. BARRO, PLC TO FIRST AMENDED CLASS ACTION COMPLAINT

Defendants Gregory J. Barro and Gregory J. Barro, PLC (collectively referred to hereinafter as "defendants") say for answer to each numbered paragraph of plaintiffs' First Amended Class Action Complaint (the "Complaint"):

1.　　The averments of this paragraph are legal conclusions which require no response; to the extent a response is required, defendants admit that plaintiffs purport to bring this action as a class action under the Fair Debt Collection Practices Act ("FDCPA"), but deny that the action may properly be so maintained.  Defendants deny that plaintiffs and the members of the putative class are entitled to any relief from them.

2.　　Defendants do not contest subject matter or personal jurisdiction in this action.  Defendants are presently without sufficient information to admit or deny the averments of this paragraph concerning venue.

3.　　Upon information and belief, admitted.

4.　　Upon information and belief, admitted.

1

5. Admitted.

6. As pleaded, denied.

7. Admitted.

8. Defendants admit that they sent the letter appended as Exhibit A to the Complaint to plaintiff Dixon; though further aver that Exhibit A is not a true, correct and complete copy of the said letter.

9. Defendants admit that they sent the letter appended as Exhibit B to the Complaint to plaintiff Bibbens; though further aver that Exhibit B is not a true, correct and complete copy of the said letter.

10. Defendants admit that they sent the letter appended as Exhibit C to the Complaint to plaintiff Bibbens; though further aver that Exhibit C is not a true, correct and complete copy of the said letter.

11. Defendants are presently without sufficient information to admit or deny the averments of this paragraph.

12. Defendants are presently without sufficient information to admit or deny the averments of this paragraph.

13. Defendants are presently without sufficient information to admit or deny the averments of this paragraph.

14. Defendants are presently without sufficient information to admit or deny the averments of this paragraph.

15. Defendants are presently without sufficient information to admit or deny the averments of this paragraph.

16. Defendants aver that the letters appended to the Complaint speak for themselves.

17. Defendants aver that the letters appended to the Complaint speak for themselves.

18. Defendants aver that the letters appended to the Complaint speak for themselves.

19. Defendants are presently without sufficient knowledge or information to admit or deny the averments of this paragraph, except to admit that they have not to date initiated a legal action against plaintiff Dixon regarding the subject BellSouth indebtedness.

20. Defendants are presently without sufficient knowledge or information to admit or deny the averments of this paragraph, except to admit that they have not to date initiated a legal action against plaintiff Bibbens regarding the subject BellSouth indebtedness.

21. Denied.

22. Denied.

23. As phrased, denied; defendants admit sending to various debtors of BellSouth a letter containing similar verbiage to that of Exhibits A-C.

24. Denied.

25. Denied.

26. Denied.

27. The averments of this paragraph are legal conclusions which require no response. To the extent a response is required, defendants deny that this action may

properly proceed as a class action under Fed. R. Civ. P. 23, and demand proof of all applicable elements of Fed. R. Civ. P. 23(a) and (b).

28. The averments of this paragraph are legal conclusions which require no response. To the extent a response is required, defendants deny that this action may properly proceed as a class action under Fed. R. Civ. P. 23, and demand proof of the numerosity requirement of Fed. R. Civ. P. 23(a).

29. The averments of this paragraph are legal conclusions which require no response. To the extent a response is required, defendants deny that this action may properly proceed as a class action under Fed. R. Civ. P. 23, and demand proof of the commonality requirement of Fed. R. Civ. P. 23(a).

30. The averments of this paragraph are legal conclusions which require no response. To the extent a response is required, defendants deny that this action may properly proceed as a class action under Fed. R. Civ. P. 23, and demand proof of the commonality requirement of Fed. R. Civ. P. 23(a).

31. The averments of this paragraph are legal conclusions which require no response. To the extent a response is required, defendants deny that this action may properly proceed as a class action under Fed. R. Civ. P. 23, and demand proof of the typicality requirement of Fed. R. Civ. P. 23(a).

32. The averments of this paragraph are legal conclusions which require no response. To the extent a response is required, defendants deny that this action may properly proceed as a class action under Fed. R. Civ. P. 23, and demand proof of the adequacy requirement of Fed. R. Civ. P. 23(a).

33.     The averments of this paragraph are legal conclusions which require no response. To the extent a response is required, defendants deny that this action may properly proceed as a class action under Fed. R. Civ. P. 23, and demand proof of the all of the requirements of Fed. R. Civ. P. 23(b)(3).

34.     The averments of this paragraph are legal conclusions which require no response. To the extent a response is required, defendants deny that this action may properly proceed as a class action under Fed. R. Civ. P. 23, and demand proof of the all of the requirements of Fed. R. Civ. P. 23(b)(2).

35.     The averments of this paragraph are legal conclusions which require no response. To the extent a response is required, defendants deny that this action may properly proceed as a class action under Fed. R. Civ. P. 23, demand proof of the all of the requirements of Fed. R. Civ. P. 23(b)(2) and (b)(3), and aver that certification of any "hybrid class" would be improper.

36.     Defendants incorporate the foregoing responses by reference.

37.     Denied.

38.     Denied.

39.     Denied.

Defendants deny that plaintiffs are entitled to any relief from them, and demand proof of all elements of each of plaintiffs' claims, and of plaintiff's claimed injuries and damages.

### Defenses

Without assuming any burden of pleading, proof or persuasion otherwise resting on plaintiff, defendants assert the following defenses:

First Defense

Plaintiffs fail, in whole or in part, to state a claim against defendants upon which relief can be granted.

Second Defense

Plaintiffs lack standing or capacity, in whole or in part, to assert their claims.

Third Defense

Defendants did not threaten to take any action that could not legally be taken or was not intended to be taken, and used no false or deceptive representation or deceptive means to collect or attempt to collect plaintiffs' debts.

Fourth Defense

Defendants engaged in no conduct the natural consequence of which was to harass, oppress or abuse plaintiffs.

Fifth Defense

Neither plaintiffs, nor the least sophisticated consumer, was or would have been deceived, misled or harassed by the subject letters.

At the time of the filing of this answer, discovery is not yet complete. Defendants reserve the right to supplement or amend this answer as a result of information learned in discovery.

Respectfully submitted,

s/ Dylan C. Black
Dylan C. Black (ASB-6595-K72D)
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL 35203-2119
(205) 521-8000; Facsimile: (205) 521-8800
E-mail: dblack@bradleyarant.com
One of the Attorneys for Defendants

OF COUNSEL:
John E. Goodman (ASB-4665-G48J)
BRADLEY ARANT ROSE & WHITE LLP
1819 Fifth Avenue North
Birmingham, AL 35203-2104
(205) 521-8000; Facsimile (205) 521-8800

Charles A. Stewart, III (ASB-4955-A56C)
BRADLEY ARANT ROSE & WHITE LLP
401 Adams Avenue, Suite 780
Montgomery, AL 36104
(334) 956-7700; Facsimile (334) 956-7701

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> David G. Poston, Esq.
> BROCK & STOUT
> P.O. Drawer 311167
> Enterprise, AL  36331-1167
> Email: david@circlecitylaw.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> Craig M. Shapiro
> O. Randolph Bragg
> Horwitz Horwitz & Associates
> 25 East Washington Street, Suite 900
> Chicago, IL  60602

> s/ Dylan C. Black
> Dylan C. Black
> Bradley Arant Rose & White LLP
> 1819 Fifth Avenue North
> Birmingham, AL 35203-2119
> (205) 521-8000; Facsimile: (205) 521-8800
> E-mail: dblack@bradleyarant.com